Matter of the Estate of DANIEL H. TOLMAN, Deceased.

(Surrogate's Court, New York County, October, 1918.)

Transfer tax — what improperly included as part of taxable assets of estate — Tax Law, § 220(4).

Where decedent, who shortly before his death engaged in the business of lending money to corporations on machinery and other chattels, at his death had on deposit in bank a certain sum the greater part of which was reported subject to a transfer tax as money "invested in chattel mortgage loan business conducted in the State of New York," and the testimony tends to show that from the time he engaged in such business to the date of his death seventy-one and eight-tenths per cent of the amount of said bank deposit was used by him for his investment account, twenty-five and six-tenths per cent for the chattel mortgage loan account and two and six-tenths per cent for his personal expense account, only the amount of the chattel mortgage loan account is subject to a transfer tax.

Under section 220(4) of the Tax Law, notes of a manufacturing corporation given by it to decedent are not taxable and are improperly included as part of the taxable assets of the estate.

Neither the amount due on a note made at Chicago by decedent's son for a personal loan nor the balance due on a note by said son in the year his father retired from business, representing the actual consideration of a sale of decedent's business to his son, was capital invested in business in the state of New York at the date of decedent's death and is not subject to a transfer tax.

APPEAL from an order fixing the transfer tax.

Delafield, Howe, Thorne & Rogers, for administrator.

FOWLER, S.  This appeal is taken by the administrator of decedent's estate from the report of the transfer tax appraiser and the order fixing tax.

The decedent, who was a non-resident of this state, died on the 12th day of February, 1918.  Up to the year 1913 he had been in the business of lending small sums of money to salaried individuals, but in that year he sold the business to his son for the sum of $300,000, accepting the son's promissory note for that amount.

In September, 1917, five months before his death, he engaged in the business of lending money to corporations on machinery and other chattels, and at the date of his death he had a deposit of $25,236.56 in a bank in New York city.  The transfer tax appraiser has included $24,580.42 of this amount in the assets of the decedent's estate taxable in this state " as moneys invested in chattel mortgage loan business conducted in the State of New York."  At the hearing before the appraiser testimony was introduced to show that from the 1st day of September, 1917, to the date of his death 71 8/10 per cent of the amount of the deposit in bank was used by decedent for his investment account, 25 6/10 per cent for the chattel mortgage loan account and 2 6/10 per cent for his personal expenses account. I am inclined to think that the amount used for the chattel mortgage loan account, viz., 25 6/10 per cent, or $6,460.56, is subject to tax and that the balance of the deposit is exempt from taxation.  Tax Law, § 220.

It is conceded in the brief of counsel for the state comptroller that the four notes of the Cosgrove Company, valued at $926.27, were improperly included in the taxable assets of the estate; and as the J. T. Robertson Company is a manufacturing corporation the notes given by it to the decedent are not taxable.  Tax Law, § 220, subd. 4.  The note for $8,500 given to the

Surrogate's Court, N. Y. County, October, 1918.    [Vol. 104, Misc.]

decedent by his son was made at Chicago and was a personal loan.  It was not therefore capital invested in business in the state of New York at the date of decedent's death and is not taxable.  The same ruling applies to the unpaid balance of $55,000 on the note of $300,000 made by the decedent's son in 1913, as the testimony taken before the transfer tax appraiser shows that the decedent retired from business in 1913 and the note given by his son represented the actual consideration for the sale of the business.

The order fixing tax will be reversed and the report of the appraiser remitted to him for correction as herein indicated.

Order reversed.

# MEMORANDA

*DECISIONS AFFIRMED BY THE APPELLATE DIVISION ON
THE OPINION OF THE COURT BELOW AND NOT PRE-
VIOUSLY REPORTED.*